# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA

**In Re:**

**WASHINGTON LOOP, LLC**  Case No. 9:10-bk-27981-DHA
 Chapter 11 Case
_____**Debtor**_____/

## MOTION TO DISMISS PROCEEDING

Comes now ROBI1956, LLC ("ROBI"), by counsel and move that the Court dismiss this case, and in support thereof, ROBI would show unto the Court as follows:

1. ROBI incorporates by reference each and every allegation of its Motion for Order Prohibiting Debtor's Use of Cash Collateral, Requiring the Debtor to Segregate and Account for Cash Collateral, and to Grant ROBI1956, LLC a Replacement Lien in Debtor's Post-Petition Assets or in the Alternative to Require the Debtor to Delivery to ROBI1956, LLC all Cash Collateral Received After the Petition Date (the "Cash Collateral Motion").

2. Pursuant to § 1112(c) a Case under Chapter 11 may be dismissed for cause.

3. Further, pursuant to § 1112(c)(4) cause includes, without limitation, unauthorized use of Cash Collateral substantially harmful to one (1) or more creditors, unexcused failure to satisfy timely any filing or reporting requirement, and failure to comply with an Order of this Court.

4. All three (3) of these grounds are present in this case.

5. First, as is evidenced by the Cash Collateral Motion, ROBI has a security interest in lien upon the Debtor's Real Estate and Cash Collateral.

6. The Debtor has neither received nor requested ROBI's consent to use Cash Collateral, and no Order has been entered allowing use of Cash Collateral.

7. To the extent that Debtor has used Cash Collateral, it has been substantially harmful to ROBI in that its collateral has been dissipated.

8. Second, pursuant to Federal Rule of Bankruptcy Procedure 1007(b)(1)(D), the Debtor was required to file a Statement of Financial Affairs herein.

9. Pursuant to Federal Rule of Bankruptcy Procedure 1007(c), the Statement of Financial Affairs was due with the Petition or within fifteen (15) days thereafter.

10. No Statement of Financial Affairs has yet been filed herein.

11. Further, the failure of the Debtor to provide the information contained in the Statement of Financial Affairs is prejudicial to Creditors.

12. For example, Creditors should be able to use the information contained in the Statement of Financial Affairs to prepare for and ask questions at the First Meeting of Creditors.

13. Further, the failure to file the Statement of Financial Affairs is detrimental to Creditors in that this case may have been filed in bad faith; however, information that would be contained in the Statement of Financial Affairs may be necessary to make such a determination.

14. Third, despite Court Order, the Debtor has yet to file the required Case Management Summary.

15. On or about November 30, 2010, the Notice of Administrative Order Establishing Initial Procedures in Chapter 11 Cases filed in the United States Bankruptcy Court of the Middle District of Florida was entered (Docket No. 10). This Order

specially required the Debtor to file the Chapter 11 Case Management Summary (the "Summary").

16. Like the Statement of Financial Affairs, the Summary is designed to provide the Court and other parties, presumably, including, without limitation, creditors, important information about the operation of Debtor's business.

17. The Debtor's failure to file the Statement of Financial Affairs and Summary is particularly egregious in this case.

18. Unlike a case where a Debtor, in the first few days of post-petition operation needs a few days of breathing room to finish it schedules, it appears here that the Debtor, being advised on more than one occasion of its responsibilities, is deliberately ignoring them for months.

19. This Court itself has admonished the Debtor in relation to its deficient filings on more than one occasion.

20. For example, this Courts Docket Entry No. 7 entered on or about November 30, 2010, notified the Debtor that its filing was deficient in that it was missing, without limitation, the Statement of Financial Affairs and Case Management Summary.

21. On or about December 3, 2010, the Debtor filed a Motion Seeking an Extension of Time to Cure the Deficient Filings. In that Motion, the Debtor specifically requested an extension of time to file its Summary of Schedules, Schedules A – H, Statement of Financial Affairs, Disclosure of Compensation of Attorney, Case Management Summary and Statement of Corporate Parents (Docket No. 18, Page 1). Therefore, the Debtor was specifically aware that it had not timely filed the Statement of Financial Affairs and Case Management Summary.

22. On or about November 7, 2010, this Court entered its Order authorizing the Debtor until December 22, 2010 to cure its sufficient filing (Docket No. 17). Such Order specifically included a statement referring to both the Statement of Financial Affairs and Case Management Summary. (Id.).

23. On or about December 22, 2010, the Debtor filed a Second Motion for Extension of Time to Cure the Deficiencies original cited on November 30, 2010 (Docket No. 21).

24. On or about December 30, 2010, this Court entered its Order granting an additional extension of time to cure the Debtor's deficient filing (Docket No. 22). In that Order, again the Debtor was specifically advised that the deadline to file, without limitation, the Statement of Financial Affairs and Case Management Summary was to be December 29, 2010.

25. On January 7, 2011, this Court issued its Order to Show Cause why this case should not be dismissed for failure to cure the deficient filing cited above (Docket No. 25). That Order provided that a hearing was to be held thereon on February 3, 2011.

26. Given the importance of such hearing, a representative of ROBI traveled from Southern Indiana to the Middle District of Florida to review the proceedings at such hearing. Upon his arrival to Florida, though, he was advised by a representative of the Debtor that the hearing on the Order to Show Cause had been continued due to illness on the part of Debtor's counsel.

27. That hearing was indeed continued to March 3, 2011 (Docket No. 33).

28. It would be inequitable to allow a Debtor to avoid Creditor scrutiny by simply failing to file, after repeated warning, required disclosures.

29. Further, although this case was filed approximately three months ago, the First Meeting of Creditors has not been held, and further continuance of the same, given the lack of information provided by the Debtor would be prejudicial to Creditors.

30. Given the Court's pending Order to Show Cause, ROBI initially did not want to incur the expense to file pleadings in relation to the dismissal of this case; however, given that there is still no Cash Collateral order on file and the continuation of the February 3 hearing, ROBI believes that dismissal of this matter is now necessary.

**WHEREFORE,** ROBI prays that this case be dismissed.

/s/
Albert J. Tiseo, Jr.
Florida Bar No.: 0323240
Goldman Tiseo & Sturges PA
701 JC Center Court, Suite 3
Port Charlotte, FL 33954
Telephone: (941) 625-6666
Email: atiseo@gtslawfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of February, 2011, mailed or sent electronically via ECF a true and correct copy of the above and foregoing to:

Lisa M. Castellano
Becker & Poliakoff
Park Place
311 Park Place Blvd., Suite 250
Clearwater, FL 33759-3977

Scott Stigall
Barnett, Bolt, Kirkwood & Long
601 Bayshore Blvd, Suite 700
Tampa, FL 33606

J Steven Wilkes
Office of the United States Trustee
501 East Polk Street
Tampa, FL 33602

Lynn V. H. Ramey
The Law Offices of Lynn Ramey
P.O. Box 2163
Tampa, FL 33611

/s/
Albert J. Tiseo, Jr.
Florida Bar No.: 0323240
Goldman Tiseo & Sturges PA
701 JC Center Court, Suite 3
Port Charlotte, FL 33954
Telephone: (941) 625-6666
Email: atiseo@gtslawfirm.com